COX, Circuit Judge,
dissenting:
I would affirm. The VE’s testimony regarding the number of surveillance-system monitor and taper jobs available in Georgia is substantial evidence to support *89 the finding that those jobs exist in significant numbers in the relevant economy.
And, I disagree that the ALJ improperly limited Lynch’s counsel’s questions regarding the VE’s bases for her opinions regarding the number of jobs. Lynch’s counsel stipulated that the VE was an expert, and he voiced no objection to her expressing an opinion about the number of jobs available in the relevant economy. Rather, in an effort to impeach the VE’s opinion testimony, he asked and received answers to the questions, “Now what is the basis of your numbers? Where do you get the number that there are 1,000 job[s]?” and “Where did you arrive at that figure [300 taper jobs in Georgia]?” (Transcript at 650-54, 57.) He ascertained through his questioning that the VE did not use a mathematical method to derive the numbers of jobs but rather, “based on [her] observation and work in the field,” applied her “best judgment of the employers who employ ... people for [these] occupation^]” to reduce the numbers provided by the Department of Labor from job categories to a “reasonable number” in these two specific job titles. (Id.) The ALJ’s refusal to allow Lynch’s counsel to repeatedly question the VE about the method by which she derived her opinion, after receiving answers to those questions, was not improper and did not cause the record evidence of the number of jobs to become insufficient to sustain the decision.